IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL GREEN, ANTONIUS HART,
CEDRIC MORRIS, and CEDRIC CAUSEY,

    Plaintiffs,

v.                                                      No. 05-2438 B

UNION PLANTERS BANK NATIONAL
ASSOCIATION d/b/a UNION PLANTERS
BANK,

    Defendant.

_____

ORDER OF REMAND
_____

        On February 7, 2002, the Plaintiffs, Michael Green, Antonius Hart, Cedric Morris and Cedric Causey, brought multiple actions against the Defendant, Union Planters Bank National Association d/b/a Union Planters Bank ("UP" or "the Bank"), in the Circuit Court of Shelby County, Tennessee, which, as they arose out of the same set of transactions, were eventually consolidated. The Plaintiffs amended their state court complaint on June 16, 2005, adding federal claims under 42 U.S.C. §§ 1981 and 1982, which were contained in the amended pleading at paragraphs 16 through 18. The matter was removed to this Court the following day on the grounds of federal question jurisdiction. On June 23, 2005, the Plaintiffs gave notice to the Court of their voluntary dismissal of the federal claims and moved to remand the case to state court, based on the fact that this Court no longer had jurisdiction in the absence of the federal claims. The Plaintiffs subsequently moved to amend their complaint on July 1, 2005 in order to dismiss paragraphs 16 through 18. On January 5, 2006, pursuant to an order of reference, Magistrate Judge Diane Vescovo entered a report and recommendation recommending that the motion to amend be granted. The recommendation was

adopted by the district judge after neither party objected thereto. On May 16, 2006, the Defendant filed a motion for summary judgment, arguing that 31 U.S.C. § 5218 provides a complete defense to the Plaintiffs' claims. In response, the Plaintiffs moved to strike the motion for summary judgment or, in the alternative, to stay a ruling on the dispositive motion until a decision had been made on the remand request.

The issue that runs through nearly all of the filings in this case concern, in a nutshell, whether the Court should remand this matter back to state court in the absence of a federal claim or retain jurisdiction in order to address the federal statutory defense presented by UP. The Court notes that there appears to be no dispute this action was properly removed to this district in the first instance. Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court of the United States for the district and division embracing the place where such action is pending." Inasmuch as the Plaintiffs sought relief, in part, based on federal statutes, the Court would have had original jurisdiction over the litigation had Plaintiffs opted to bring it in this Court. See 28 U.S.C. § 1331. State law claims may also be removed from state to federal court pursuant to the doctrine of supplemental jurisdiction. Title 28 U.S.C. § 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . ."

The Plaintiffs, black Shelby County, Tennessee sheriff's tactical officers, have alleged in this action that, after they entered a UP branch in uniform to conduct personal banking business, the Defendant's employees initiated a silent robbery alarm and contacted local police to report that the

Plaintiffs were committing an armed robbery. As they left the Bank, the Plaintiffs were stopped by local officers, ordered to exit their vehicle at gunpoint, instructed to lie face down on the ground and were handcuffed. They have averred that, when it became clear the Plaintiffs were in fact lawful customers, the Defendant made no effort to cancel the alarm, leaving them and others at risk of harm. It is the position of the Plaintiffs that the police contact was the result of racial profiling by UP employees. In addition to their federal claims of discrimination based on race, they have proffered state claims of false arrest, assault, battery, extreme and outrageous conduct and negligence. Clearly then, this Court has supplemental jurisdiction over the Plaintiffs' state law claims, as they form the basis for the race discrimination claims under federal law.

In State of Tennessee, ex rel. Pierotti v. Parcel of Real Property Municipally Known as 777 N. White Station Road, 937 F.Supp. 1296 (W.D. Tenn. 1996), a court in this district faced a procedural scenario very similar to that at bar, in which the state court complaint, alleging both state and federal claims, was removed to federal court. Pierotti, 937 F.Supp. at 1300. Immediately upon removal, the plaintiff moved to amend the complaint to withdraw the federal claims and requested remand to state court. Id. at 1301. The court determined that, if a complaint states a claim that is removable, which the Court has found to be the case here, "removal is not per se defeated by plaintiff's subsequent filing of a new complaint deleting the federal claim." Id. at 1303. The court further articulated that

> [w]hen a federal district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state law claims. While the elimination of all federal claims gives the district court a powerful reason to choose not to continue to exercise jurisdiction, the district court's decision to retain, dismiss, or remand the remaining supplemental claims is discretionary.

Id. at 1303-04 (internal citations and quotation marks omitted). In rendering its decision, the court

recognized that "although plaintiff's aim in withdrawing the [federal] claim is to return to the state forum for the adjudication of this case, [the] plaintiff is allowed to determine what claims it brings against defendants and, thus, is entitled to make such an amendment." Id. at 1303.  This is true even if a plaintiff, as UP suggests, is "attempting to avoid federal jurisdiction by amending the complaint," as "such a reason does not diminish the right of [a plaintiff] to set the tone of [his] case by alleging what [he] choose[s]." Id. at 1302 (citing Kimsey v. Snap-On Tools, 752 F.Supp. 693, 694 (W.D.N.C. 1990)).

The Defendants argue, however, that the Court should not exercise its discretion by remanding this action to state court because the federal statute which forms the basis of its affirmative defense[1] has not been interpreted by the Sixth Circuit.  Therefore, the argument goes, interpretation should be undertaken by a federal rather than a state court.  UP does not cite to any cases supporting the proposition that the existence of a defense under federal law is sufficient to require a federal court to retain jurisdiction and, indeed, the Sixth Circuit has determined otherwise.

---

[1]Section 5318 states in pertinent part that

> [a]ny financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency or makes a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or agent of such institution who makes, or requires another to make any such disclosure, shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such disclosure or any other person identified in the disclosure.

31 U.S.C. § 5318(g)(3)(A).

In Musson Theatrical, Inc. v. Federal Express Corporation, 89 F.3d 1244 (6th Cir. 1996), as am. on denial of reh'g and reh'g en banc (Jan. 15, 1998), the court indicated that

> [r]egardless of "judicial resources" or the pleas of the parties before it, a federal court must proceed with caution in deciding that it has subject matter jurisdiction. The Constitution allows federal courts only a limited and special jurisdiction, and powers not given to the federal courts by Congress are reserved to the primary repositories of American judicial power: state courts. The constitutional primacy of state court jurisdiction does not change merely because a dispute touches on issues of federal law. For federal jurisdiction to exist, unless citizenship is diverse,[2] a plaintiff's well-pleaded complaint must raise an issue "arising under" the laws of the United States; *the presence of a federal defense is inadequate.*

Musson Theatrical, Inc., 89 F.3d at 1252 (internal citations omitted) (emphasis supplied). In this case, this Court must, as did the circuit court in Musson, "assume that a state court, subject to review by writ of certiorari, can resolve such a defense as ably as could a federal district court." See id.

For the reasons set forth herein, this matter is hereby REMANDED to the state court where it was originally filed. Further, the pending motion to strike the motion for summary judgment is DENIED as moot and the Defendant's motion for summary judgment, seeking disposition based on the federal safe-harbor statute, will, the Court assumes, be addressed by the state court.

IT IS SO ORDERED this 15th day of June, 2006.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[2] It does not appear that diversity is an issue here.